IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**DARLA NORWOOD**,

    Plaintiff,

v.

**CAROLYN W. COLVIN**, Commissioner of Social Security,

    Defendant.

Case No. 3:14-CV-00520-SU

**ORDER AND OPINION**

SULLIVAN, United States Magistrate Judge:

Plaintiff's counsel seeks an award of fees pursuant to 42 U.S.C. § 406(b) for his representation of plaintiff Darla Norwood in this social security case. Both parties consented to adjudication of this case by a U.S. Magistrate Judge, and the Commissioner of Social Security ("Commissioner") makes no objections to plaintiff's motion for attorney fees. For the reasons set forth below, the Court grants the requested attorney fees.

Page 1 - ORDER AND OPINION

**BACKGROUND**

On March 31, 2014, plaintiff filed her initial complaint with this Court, seeking review of the Commissioner's rejection of her application for Disability Insurance Benefits ("DIB"). Compl., at 1-2. Both parties consented to adjudication by this Court in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). On April 15, 2015, the Court issued an Opinion and Order, reversing the Commissioner's decision and remanding the case for an immediate payment of benefits. Opin. & Order, at 1. Accordingly, the Social Security Administration ("SSA") awarded plaintiff her DIB, including $64,116 in past-due benefits. Mot. Att'y Fees, at 2 (Doc. # 27); Mot. Att'y Fees Ex. 2, at 1-2 (Doc. # 27-2) (Notice of Award). Subsequently, this Court granted plaintiff's stipulated application for $5,977.39 in Equal Access to Justice Act ("EAJA") attorney fees. Order EAJA Fees, at 1 (Doc. #26). Plaintiff's attorney now moves under Section 406(b) for $11,601.50 in additional attorney fees. Mot. Att'y Fees, at 2 (Doc. #24). Counsel acknowledges that he may not retain both the EAJA fees and the requested Section 406(b) fees. Counsel states that once awarded Section 406(b) fees, he will refund to plaintiff the EAJA fee amount. Mot. Att'y Fees, at 1 (Doc. #27); Mot. Att'y Fees Ex. 4, at 1 (Doc. #27-4). The Commissioner does not object to this motion for attorney fees. Resp. Mot. Att'y Fees, at 1-2.

**LEGAL STANDARD**

Under Section 406(b), when a court has entered a judgment in favor of a social security claimant with legal representation, the court "may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b). However, the fee may not exceed "twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.* The 406(b) award is paid from claimant's past due benefits, and the attorney

may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96, 806-07 (2002); *Franz v. Comm'r of Soc. Sec. Admin.*, 2015 WL 4920793, at *1 (D. Or. Aug. 17, 2015). Thus, the claimant's attorney may not keep both EAJA and Section 406(b) fees. *Gisbrecht*, 535 U.S. at 796. Where a court first approves EAJA fees and then a larger Section 406(b) fee award, the courts will generally subtract the amount of the EAJA fees from the total Section 406(b) fee award. *Id.*; *Franz*, 2015 WL 4920793, at *3.

Even when the Commissioner does not does not challenge the fee amount sought by an attorney, the court has an affirmative duty to assess the reasonableness the requested fees.[1] *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). In making the assessment, courts should respect "the primacy of lawful attorney-client fee agreements," but may reduce those agreed-upon fees based on the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 793, 808. Courts should first examine the fee agreement to ensure it does not provide for fees in excess of 25 percent of past-due benefits. *Gisbrecht*, 535 U.S. at 800, 807-08 ("agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits"); *Blaine-Thede v. Colvin*, 2014 WL 4627217, at *1 (D. Or. Sept. 16, 2014). Even if the fee agreement does not exceed Section 406(b)'s 25-percent cap, the attorney still bears the burden of showing that the fees yielded under the agreement are themselves reasonable. *Gisbrecht*, 535 U.S. at 807; *Crawford*, 586 F.3d at 1148. A court may properly reduce the amount of attorney fees based on factors which include: (1)

---

[1] "Because the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009); *Davis v. Colvin*, 2015 WL 268950, at *1 (D. Or. Jan. 20, 2015) (citing *Gisbrecht*, 535 U.S. at 798 n.6).

substandard performance; (2) "the results the representative achieved"; (3) excessive delay; and (4) "benefits that are not in proportion to the time spent on the case" by the attorney seeking the fees. *Crawford*, 586 F.3d at 1151; *see also Gisbrecht*, 535 U.S. at 808; *see Abbas v. Colvin*, 2014 WL 3850027, at *3 (D. Or. Aug. 5, 2014). The Ninth Circuit also noted the risk involved in contingency representation may be an appropriate factor to consider in determining a 406(b) award—in particular, "the complexity and risk involved in the specific case." *Crawford*, 586 F.3d at 1152-53; *Abbas*, 2014 WL 3850027, at *3. Although the Supreme Court has instructed against using the lodestar method[2] to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148 (emphasis in original); *see Gisbrecht*, 535 U.S. at 808 (courts may consider counsel's record of hours spent representing claimant and typical hourly rate in evaluating the reasonableness of the fees sought); *Quinnin*, 2013 WL 5786988, at *1.

## DISCUSSION

Accordingly, the Court first examines the attorney-client fee agreement to ensure its terms do not provide for a fee in excess of the statutory 25-percent cap. *Gisbrecht*, 535 U.S. at 808. Here, the agreement signed by attorney and plaintiff provided for a maximum Section 406(b) fee of 25 percent of past-due benefits. Mot. Att'y Fees Ex. 1, at 1 (Doc. #27-1). Thus, the agreement does not exceed the statutory cap. Moreover, counsel seeks a fee that is less than the agreed-upon 25 percent maximum. Counsel seeks $11,601.50, which amounts to roughly 18 percent of plaintiff's past-due DIB.

As for factors that might favor a reduction in benefits, the Court finds no evidence of

---

[2] The lodestar method of calculating reasonable legal fees involves determining the number of hours reasonably spent on the given case and multiplying the hours by a reasonable hourly rate. *See Gisbrecht*, 535 U.S. at 792, 798-802 (providing history of the lodestar method).

Page 4 - ORDER AND OPINION

substandard attorney performance. Counsel fully litigated the federal case and achieved the best possible outcome for his client, a remand for payment of benefits. Furthermore, the record does not indicate counsel caused any significant delay of plaintiff's case. Nor does the attorney appear to have spent a disproportionately small amount of time on the case. Counsel has submitted documentation showing almost 31 and a half hours of work on the federal case. Mot. Att'y Fees Ex. 3, at 1 (Doc. #27-3). Counsel's fee request, if granted, would result in an effective hourly rate of about $369 per hour, which is not unreasonable or out of line with fees awarded in other cases in the district. *See, e.g., Parker v. Astrue*, 2012 WL 4324920, at *5 (D. Or. Sept. 5, 2012) *report and recommendation adopted*, 2012 WL 4328364 (D. Or. Sept. 20, 2012) (hourly rate of $371.42 deemed reasonable); *Ali v. Comm'r, Soc. Sec. Admin.*, 2013 WL 3819867, at *3 (D. Or. July 21, 2013) (approving effective hourly rate of $1,000 an hour); *Abbas v. Colvin*, 2014 WL 3850027, at *3 (approving hourly rate of $205.21 as "well below hourly rates regularly approved by the court"); *Quinnin*, 2013 WL 5786988, at *3 (although "on the high side," an hourly rate of $1,000 for attorneys and $500 for paralegals could serve as guide for fashioning a reasonable award). Here, the fee amount sought is proportional and reasonable for the work performed and the benefits ultimately awarded. Moreover, the Commissioner does not oppose the fees requested.

Accordingly, the Court concludes that the requested fee of $11,601.50 is reasonable in this case. However, this award should be offset by the $5,977.39 in EAJA fees already awarded. Counsel states he will refund the amount to plaintiff. Mot. Att'y Fees, at 1 (Doc. #27); Mot. Att'y Fees Ex. 4, at 1 (Doc. #27-4). However, the Court follows the customary and more efficient approach and simply reduces the Section 406(b) fee award by the amount of the EAJA fees. *See*

*Parrish v. Comm'r of Soc. Sec. Admin.,* 698 F.3d 1215, 1221 (9th Cir. 2012); *Franz*, 2015 WL 4920793, at *3; Thus, the Court awards counsel $5,624.11. This amount, when combined with EAJA fees, totals the full amount counsel seeks.

## CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. #27). The Court offsets the requested amount to account for EAJA fees and awards counsel $5,624.11, less any applicable processing fees.

IT IS SO ORDERED.

DATED this 13th day of October, 2015.

                                            /s/ *Patricia Sullivan*
                                            Patricia Sullivan
                                            United States Magistrate Judge